UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANOTHONY C. HERNANDEZ,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>MS. R.H.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:24-cv-00343-ART-CLB<br><br>ORDER |

Plaintiff Anthony C. Hernandez brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while confined at Washoe County Detention Center. (ECF No. 13; ECF No. 18.) In April 2025, Plaintiff updated his address to a residential address. (ECF No. 17.) In July 2025, this Court ordered Plaintiff to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* ("IFP") for non-prisoners by August 21, 2025. (ECF No. 20.) The Court warned Plaintiff that the action would be subject to dismissal without prejudice if he failed to timely comply. (*Id.* at 2.) Plaintiff then updated his address to a new residential address (ECF No. 21), and the Court re-sent the July 2025 order to his updated address. More than 30 days have passed since the Court re-sent the July 2025 order to Plaintiff's most recent address, and since that time, he has not paid the full filing fee, filed a non-prisoner IFP application, or otherwise responded.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856

F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without

2

collecting reasonable fees, and litigation cannot progress without Plaintiff's compliance with the Court's orders, the only alternative is to enter another order setting another deadline. But repeating an ignored order often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to address the matter of the filing fee in compliance with the Court's order. The Clerk of Court is kindly directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint and address the matter of the filing fee in a <u>new</u> case.

DATED: October 28, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE